IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,

        Plaintiff,                       No. 2:08-cv-0976-FCD-JFM (PC)

    vs.

GERALDINE THOMPSON, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

The action at bar arises from a March 5, 2007 decision by defendant Geraldine Thompson, a parole unit supervisor with the California Department of Corrections and Rehabilitation, to retain a parole hold lodged against plaintiff and the events leading up to that decision. Plaintiff seeks injunctive relief and monetary damages. Plaintiff has not invoked any provision of federal law in the complaint at bar. Moreover, it appears from the allegations contained in the complaint that plaintiff is attempting to raise claims that challenge the fact or duration of confinement for a criminal offense that has not yet been set aside. Any claim for damages based on these allegation is barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), and any claim for injunctive relief that would affect the length of plaintiff's confinement, including on parole, must be raised, if at all, in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Good cause appearing, plaintiff's complaint will be dismissed and plaintiff will be given a period of thirty days in which to file, as appropriate, a petition for writ of habeas corpus. Plaintiff is informed that claims raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254 must be grounded in federal law, and that exhaustion of state court remedies is a necessary prerequisite to a federal habeas corpus petition. See 28 U.S.C. § 2254.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of a petition for writ of habeas.

Any petition for writ of habeas corpus shall comply with the requirements of 28 U.S.C. §§ 2241 et seq., the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases in the United States District Courts, and the Local Rules of Practice; the petition must bear the docket number assigned this case and must be labeled "Petition for Writ of Habeas Corpus"; failure to file a petition for writ of habeas corpus in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  December 19, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
cool0976.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARC COOLEY,

    Plaintiff,

vs.

GERALDINE THOMPSON, et al.,

    Defendants.

_____/

No. 2:08-cv-0976 FCD JFM P

<u>NOTICE OF AMENDMENT</u>

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____ Petition for Writ of Habeas Corpus

DATED:

_____
Plaintiff

4